In re HANSON–PEARCE CONST. CO.
No. 4223.

District Court, W. D. Oklahoma.
July 1, 1930.

Owen & Looney, Fred E. Suits, and Chas. E. France, all of Oklahoma City, Okl., for petitioning creditors.

G. A. Paul, of Oklahoma City, Okl., for alleged bankrupt.

VAUGHT, District Judge.

On the 12th of June, 1929, a petition of involuntary bankruptcy was filed by the United States Fidelity & Guaranty Company, a corporation, the Marland Refining Company, a corporation, and the Carter-Waters Corporation, against I. E. Hanson, E. M. Pearce, and E. H. Dick, doing business as a partnership under the firm name of Hanson-Pearce Construction Company of Oklahoma City.

The petition alleges liabilities on behalf of the alleged bankrupt as follows:

"(1) An amount due to the United States Fidelity and Guaranty Company on account of liabilities on construction bonds in the sum of $11,231.29; Marland Refining Company, a corporation, for materials furnished in the construction of a road by said parties in the sum of $1,217.08; Carter-Waters Corporation, material and supplies furnished on construction of approximately four miles of concrete pavement, U. S. Highway No. 77, Federal Aid project 210, Section B, in the sum of $159.26."

The petition further states:

"The claim of the United States Fidelity and Guaranty Company, a corporation, is on account of liabilities on construction bonds executed for and on behalf of Hanson-Pearce Construction Company in connection with its business of road construction within the State of Oklahoma which has been paid by your creditor, or upon which it has become obligated under the law to pay; that the claim of the Marland Refining Company, a corporation, is for the balance due on open account for material furnished to said Hanson-Pearce Construction Company in the construction of public improvements known as Federal Aid Project No. 210, Section B, Noble County, Oklahoma, consisting of goods, wares and merchandise in the nature of gasoline, oils and other petroleum products, and by-products between April 25th, 1929, and November 19th, 1928; that the claim of the United States Fidelity and Guaranty Company has accrued and been paid within the last four months from the date hereof, and that all of said claims are unsecured; that the Hanson-Pearce Construction Company is in the business of building and constructing roads and other public improvements in the State of Oklahoma; that I. E. Hanson and E. H. Dick, members of the firm, are residents of the City of Oklahoma City, Oklahoma."

There is a further allegation in the petition of insolvency on behalf of the alleged bankrupt, and that said alleged bankrupt has "conveyed, transferred and removed, or permitted the same to be conveyed, transferred, removed or concealed certain property belonging to the said Hanson-Pearce Construction Company with intent to hinder, delay and defraud its creditors."

To all of which the alleged bankrupts have filed an answer under oath in which they state:

"That they and each of them expressly deny that they conveyed, transferred, re-

moved or concealed any property belonging to said co-partnership with intent to hinder, delay or defraud creditors."

A hearing was had upon said petition and answer, and at the time of the hearing an additional question was raised as to the jurisdiction of the court, and the hearing was really had upon that question. The jurisdictional question is raised upon the face of the petition. It appears that the petitioning creditor the United States Fidelity & Guaranty Company executed a bond for the alleged bankrupts in their contract with the state of Oklahoma to construct certain highways. The bond provides as follows:

"That in case of such default on the part of the Principal, the Surety shall have the right, if it so desire, to assume and complete or procure the completion of said contract; and in case of such default, the Surety shall be subrogated and entitled to all the rights and properties of the Principal arising out of said contract and otherwise, including all securities and indemnities theretofore received by the Obligee and all deferred payments, retained percentage and credits due to the Principal at the time such default or to become due thereafter by the terms and dates of the contract."

In other words, the bonding company is obligated to pay all claims for labor and material which remain unpaid on the part of the contractor, and then the bonding company is subrogated to all of the rights of the contractor as to any sums that may be due the contractor from the state upon the completion of the contract.

█ The evidence is not clear as to just what was done by the bonding company as to the completion of the contract. The bond, however, was executed for a definite purpose. A consideration was paid for the bond by the contractor, and the contractor has a right to all of the protection which the bond provides, and one of those provisions is the payment of all claims unpaid by the contractor. In order, therefore, for the surety to fully carry out its contract with the contractor, it is necessary that it should pay the claims, and upon the payment of the claims, then it has one claim against the contractor, and not many claims as the case may be.

█ The court is therefore of the opinion that the claims asserted by the petitioning creditors the Marland Refining Company and the Carter-Waters Corporation are claims that should have been paid by the bonding company and that they are merged in whatever claim the bonding company has against the contractor.

█ If this were an action at law, the bonding company would not be permitted to file three distinct suits, but to prevent the necessity of a multiplicity of suits it would be necessary for the bonding company to file one action, and to include all of these claims therein, and it is therefore apparent that there are not three claims as shown on the face of the petition, but there is one claim, and that is the claim of the bonding company.

The court has examined the briefs in this case and is not unmindful of the contention of the petitioning creditors on the question of what constitutes a secured claim, but is of the opinion that a proper regard for the spirit of the Bankruptcy Act (11 USCA), as well as the wording, "compels the Court to regard the claims so filed as one claim," and that it is the claim of the bonding company, and that therefore the court is without jurisdiction.

It is so ordered, and the case is dismissed at the cost of the petitioning creditors. Exception is allowed petitioning creditors.